DeCARLO, Judge.
Robbery, first degree; twenty years.
The appellant in brief has not raised the sufficiency of the evidence and for the purposes of this opinion it will suffice to briefly state the circumstances surrounding the incident.
The victim, Linda Deavours, was shopping in the western section of Birmingham when the appellant, whom she positively identified in court, came up behind her and grabbed her purse. Deavours pursued the appellant and confronted him when he was about to enter a waiting car. According to the victim, she told the appellant that she was going to get his tag number before he pulled away. After pulling a gun, he responded, “You’d better get back yonder, bitch, I’m going to shoot you.”
I
The appellant contends that the trial court was in error in denying his motion to suppress the pre-trial identification and in admitting evidence of the photographic identification.
During the trial there was testimony which showed that a photographic array was presented to the victim about midnight on the date the incident occurred. This array consisted of photographs of individuals of the same age and similar outward appearance. The evidence reflects that no suggestion of any sort was made to the victim regarding which photograph she *513 should select. After she made a positive identification of his photograph, the victim saw the appellant at the police station. Moreover, the victim testified that she pursued the appellant after he had snatched her purse, that she had observed the appellant for about twenty-five seconds under lighted conditions and that her attention was concentrated on appellant at the time he pointed the gun at her. She gave a description of him and the clothing that he was wearing to the police within minutes of the incident. Her identification of the appellant was unequivocal. Clearly, when considered under the totality of the circumstances and the factors outlined in Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) and Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), Ms. Deavors’ identification of appellant was reliable. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1969); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).
II
The appellant complains that he was denied his constitutional right to representation by counsel at the time his photograph was taken for lineup purposes. Under the rationale of Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), it would follow that compelling an accused to be photographed is no more constitutionally impermissible than compelling him to submit to a withdrawal of a sample of his blood for an analysis for alcohol content. Nor is it more constitutionally impermissible than compelling an accused to put on a blouse. See Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910). Cf. United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973) (holding that the Sixth Amendment does not grant an accused the right to have counsel present when the government conducts a post-indictment photographic display, containing a picture of the accused, for the purpose of allowing a witness to attend an identification of the offender.)
It is our judgment that the appellant’s constitutional rights were not violated when he was compelled to be photographed without his counsel present where the photographs were to be used for photographic identification purposes.
Accordingly, it was not error for the trial court to overrule the appellant’s motion to suppress. The judgment of conviction by the Jefferson Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.